# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| Samantha Guest<br>3485 S. State Rd. 19<br>Peru, IN 46970<br><br>Plaintiff,<br><br>v.<br><br>Client Services, Inc.<br>c/o Daniel K. Barklage, Registered Agent<br>211 North Third St.<br>St. Charles, MO 63301<br><br>Defendant. | Case No.:<br><br>3:10C 301<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around March 11, 2010, Defendant's employee ("John") telephoned Plaintiff in connection with the collection of the debt.

1

8. During this communication, Plaintiff repeatedly informed John that she could not afford to pay the debt.

9. During this communication, John accused Plaintiff of stealing.

10. During this communication, John insulted Plaintiff by stating that Plaintiff was acting like a child.

11. During this communication, John falsely represented that Plaintiff's house could be seized if Plaintiff failed to pay the debt.

12. On or around April 16, 2010, John telephoned Plaintiff's place of employment and spoke to Plaintiff's coworker ("Penny").

13. During this communication, John asked Penny to transfer him to either Plaintiff or Plaintiff's supervisor.

14. During this communication, John told Penny that he had left several messages for Plaintiff but Plaintiff had refused to return his calls.

15. During this communication, Penny informed John that Plaintiff was unavailable and asked if John would like to be transferred to Plaintiff's voicemail, but John refused and demanded that Penny personally inform Plaintiff that he had called.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c(b) by communicating with a 3rd party in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                              Macey & Aleman, P.C.

By: _____
                              Timothy J. Sostrin
                              233 S. Wacker
                              Sears Tower, Suite 5150
                              Chicago, IL 60606
                              Telephone: 866-339-1156
                              Email: tjs@legalhelpers.com
                              Attorneys for Plaintiff